## CHARLES R. McCORMACK v. UNITED STATES.

(District Court, N. D. California, Third Division. April 20, 1923.)

No. 17343.

1. **Maritime liens ⬅➡64—Allegation held to sufficiently show that vessel engaged in merchant trade.**

    Allegation that ship was engaged in shipping trade *held* a sufficient allegation that she was engaged in merchant trade, within statute providing for liens where vessels are used in merchant trade.

2. **Maritime liens ⬅➡30—Terms of charter party held no defense, unless they could have been discovered with due diligence.**

    In libel to enforce lien for supplies, defense that vessel was under charter obliging charterer to pay all expenses *held* not available, unless existence of charter and terms thereof could have been discovered by libelant with due diligence.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Admiralty. Libel by Charles R. McCormack, a corporation, against the United States. On exceptions to amended libel. Exceptions overruled.

Ira S. Lillick, of San Francisco, Cal., for libelant, John T. Williams, U. S. Dist. Atty., and John Guthrie Heywood, both of San Francisco, Cal., for the United States.

PARTRIDGE, District Judge (in memorandum). This cause, as originally filed, was against a ship belonging to the United States for the sum of $2,000, which was furnished to the apparent agent for the purpose of paying the wages of the seamen. Judge Dooling, on motion to dismiss, denied the motion, but held that it would be granted unless the libel was changed from one in rem against the ship to one in personam against the United States. The amended libel was accordingly filed, and the action is now changed from a libel in rem to one in personam.

[1] The exceptions to the libel first raise the point that the libel does not show a compliance with the statute, which provides for liens only where the vessels are used in the merchant trade. It is, however, alleged in both the original libel and the amended libel that the vessel is engaged in the shipping trade, which seems to me to be a sufficient allegation that she is engaged in the merchant trade.

The further point is made that the ship was chartered to an Italian steamship company, and that under the terms of the charter party the charterer was obliged to pay all the expenses of the vessel. There is a paper filed, called "Exceptive Allegations," which sets up the provisions of the charter party, and also alleges that the vessel was not within this jurisdiction at the time of the libel. Section 3 of the statute (Act June 23, 1910 [Comp. St. § 7785]) provides that:

" * * * Nothing in this act shall be construed to confer a lien when the furnisher knew, or by the exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor."

In the late case of United States v. Carver, 43 Sup. Ct. 181, 68 L. Ed. ——, decided by the Supreme Court on January 2d of this year, it was held that, under that statute, the person furnishing supplies or money is bound to make an investigation to determine whether or not the vessel is under charter but leaves it open to determination, as a question of reasonable diligence, whether or not it could have been determined.

[2] Conceding for the moment (which I do not believe) that the court, on exceptions to the libel, can take into consideration an allegation that there was a charter, it seems to me that it still leaves at large the question of whether, with due diligence, libelant could have discovered whether such charter was in existence and what were its terms.

The exceptions will therefore be overruled, with 10 days to answer.